# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### 25-CR-20451-GAYLES/SHAW-WILDER
CASE NO. _____

18 U.S.C. § 371
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

v.

DIEGO CADEL,

    Defendant.

_____/

FILED BY___**BM**___D.C.

**Oct 9, 2025**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INFORMATION

The United States Attorney charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

1.    Pursuant to Title 18, United States Code, Section 1960(b)(2), the term "money transmitting" includes transferring funds on behalf of the public by any and all means, including but not limited to, transfers within this country and to locations abroad, by wire, check, draft, facsimile, or courier.

2.    Title 18, United States Code, Section 1960(b)(1)(A) required money transmitting businesses which affect interstate or foreign commerce in any manner or degree to possess an appropriate money transmitting license from the State in which they operate.

3.    Money transmitters operating in the State of Florida were required to register under Florida law, and operating a money transmitting business without authorization was punishable as a felony under Florida law.

4.    At no time relevant to this Information did the defendant **DIEGO CADEL** register with the State of Florida to obtain a license to operate a money transmitting business.

5.       Cardon Corp. was a Florida corporation controlled, managed, supervised, directed, or owned by the defendant, **DIEGO CADEL**, with its principal place of business in Hialeah, Florida.

6.       Pallares Enterprises, LLC was a Kansas corporation owned and controlled by one of **DIEGO CADEL**'s co-conspirators, with its principal place of business in Catalpa, Kansas.

7.       **DIEGO CADEL** was a citizen of Argentina.

## Count 1
## Conspiracy to Operate a Money Transmitting Business
## (18 U.S.C. § 371)

1.       The General Allegations section of this Information is re-alleged and incorporated by reference as if fully set forth herein.

2.       From in or around March 2021, and continuing through in or around August 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**DIEGO CADEL**,

did knowingly and willfully, that is, with the intent to further the object of the conspiracy, combine, conspire, confederate, and agree with others known and unknown to the United States Attorney, to commit an offense against the United States, that is, to knowingly conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business, affecting interstate and foreign commerce, which was operated without an appropriate money transmitting license in a State, that is, Florida, where such operation was punishable as a felony under State law, in violation of Title 18, United States Code, Sections 1960(a), (b)(1)(A) and 2.

## PURPOSE OF THE CONSPIRACY

3.       It was the purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things, wiring money from outside of the United

2

States into the United States, including the Southern District of Florida, and abroad, to conceal the origins of the money.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4.      **DIEGO CADEL** and his co-conspirators listed **CADEL** as the president of Cardon Corp.

5.      **DIEGO CADEL**'s co-conspirators would send requests to **CADEL** via text messages to wire funds from accounts outside of the United States to Cardon Corp. bank accounts in the Southern District of Florida and to other bank accounts in the United States and abroad.

6.      **DIEGO CADEL** sent, and caused to be sent, via wires, funds from bank accounts outside of the United States to Cardon Corp. bank accounts.

7.      **DIEGO CADEL** sent, and caused to be sent, via wires, funds from the Cardon Corp. bank accounts to other bank accounts in the United States and abroad.

8.      **DIEGO CADEL** would charge a fee for wiring the funds on behalf of his co-conspirators.

9.      **DIEGO CADEL**'s co-conspirators used the transferred funds from the conspiracy for their own use, the use of others, and to further the conspiracy.

## OVERT ACTS

In furtherance of the conspiracy, and to achieve the object and purpose thereof, at least one of the conspirators committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1.      On or about December 8, 2021, **DIEGO CADEL** sent, and caused to be sent, a wire of approximately $100,330.00 from a Cardon Corp. bank account to a bank account in the name of Pallares Enterprise, LLC.

2.      On or about August 2, 2022, **DIEGO CADEL** sent a spreadsheet to a co-conspirator via WhatsApp that showed a list of wires he completed, to include the December 8, 2021 wire of approximately $100,330.00 from a Cardon Corp. bank account to a bank account in the name of Pallares Enterprise, LLC.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATIONS

1.      The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **DIEGO CADEL**, has an interest.

2.      Upon conviction of conspiracy to violate, Title 18, United States Section 1960, as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant,

        (a)      cannot be located upon the exercise of due diligence;

        (b)      has been transferred or sold to, or deposited with a third party;

        (c)      has been placed beyond the jurisdiction of the Court;

        (d)      has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be subdivided

without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21,

United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and the procedures set

forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code,

Section 982(b)(1).


JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY


MICHAEL C. SHEPHERD
ASSISTANT UNITED STATES ATTORNEY

5

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

DIEGO CADEL,

_____/
Defendant.

**Court Division** (select one)

☑ Miami  ☐ Key West  ☐ FTP
☐ FTL    ☐ WPB

CASE NO.: __25-CR-20451-GAYLES/SHAW-WILDER__

### CERTIFICATE OF TRIAL ATTORNEY

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish

4. This case will take ___0___ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I   ☑ 0 to 5 days
   II  ☐ 6 to 10 days
   III ☐ 11 to 20 days
   IV  ☐ 21 to 60 days
   V   ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Judge Lisette M. Reid _____ Magistrate Case No. 25-mj-3382

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of July 16, 2025

10. Defendant(s) in state custody as of N/A

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No

14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
Michael C. Shepherd
Assistant United States Attorney
FL Bar No.          1018186

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. **25-CR-20451-GAYLES/SHAW-WILDER** |
| DIEGO CADEL, | ) | |
| ——————————————— | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year.  I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Daniel Forman
_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name**:  DIEGO CADEL

**Case No**:

Count 1:

Conspiracy to Operate a Money Transmitting Business

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment:** 5 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:**  $250,000

**\*Refers only to possible term of incarceration, supervised release, and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**